ECKHARDT v. EPSTEIN et al.

(*Superior Court of New York City, General Term.* November 3, 1890.)

APPEAL—WEIGHT OF EVIDENCE.

    Findings of fact by a referee cannot be disturbed because that court might have arrived at different conclusions if the issues had been submitted to it in the evidence disclosed by the record.

Appeal from judgment entered upon the report of a referee.

Action by Martin Eckhardt against Simon Epstein and Isaac L. Epstein, composing the firm of S. Epstein & Son, and John Claflin and others, composing the firm of H. B. Claflin & Co. There was judgment for plaintiff, and defendants appeal.

Argued before FREEDMAN and TRUAX, JJ.

*S. F. Kneeland,* for appellants H. B. Claflin & Co. *David Leventritt,* for appellants Epstein. *Abram Kling,* for respondent.

FREEDMAN, J. This action was brought by the plaintiff as assignee of Eckhardt & Co., G. Henshaw & Sons, and Charles F. Phillips, creditors of the firm of Simon Epstein & Son, to recover the possession of certain goods and chattels purchased from the assignors by the firm of S. Epstein & Son under fraudulent representations. Prior to the commencement of this action the purchasers, S. Epstein & Son, transferred their entire stock of goods on hand, including the goods in question, together with their book accounts, to H. B. Claflin & Co., for an alleged consideration, a great part of which, as found by the referee, consisted of an alleged antecedent indebtedness which was in part fictitious. The referee found, in substance, that H. B. Claflin & Co. were not innocent *bona fide* purchasers, but did obtain possession of the goods with full knowledge of the insolvency of S. Epstein & Son, and with the intent of aiding and assisting them in hindering, delaying, and defrauding their creditors and plaintiff's assignors in this action. The record discloses no error in the admission of evidence constituting ground for reversal, and the conclusions of law found by the referee follow from the facts as found by him. The appeal therefore turns upon the question whether there is sufficient evidence to sustain the findings of fact made by the referee. The record shows that there is. The defendants gave no testimony whatever, and rested their case upon the evidence adduced by and on behalf of the plaintiff. That evidence was capable of the construction which the referee put upon it, and, upon the whole case, we cannot say that the preponderance of the evidence is the other way. For these reasons a reversal cannot be had, on the sole ground that we might have arrived at different conclusions if the issues had been submitted to us as trial judges in the first instance, upon the evidence disclosed by the record. The referee possessed the advantage of seeing the witnesses upon the stand, and noticing the manner in which they gave their testimony. The judgment should be affirmed, with costs.