BAILEY *v.* CLAFLIN *et al.*

(*Superior Court of New York City, General Term.* January 5, 1891.)

APPEAL—WEIGHT OF EVIDENCE.

Findings of fact by a referee cannot be disturbed because the court might have arrived at different conclusions if the issues had been submitted to it upon the evidence disclosed by the record as trial judges in the first instance. Following *Eckhardt* v. *Epstein*, 11 N. Y. Supp. 585.

Appeal from judgment on report of referee.

Action by Howard A. Bailey against John Claflin and others, composing the firm of H. B. Claflin & Co., to recover the possession of certain goods and chattels purchased from the plaintiff by the firm of Simon Epstein & Son under false representations, and transferred to the defendants upon a fictitious consideration. Defendants appeal from a judgment for plaintiff entered on trial by a referee. The opinion of the court in the case of *Eckhardt* v. *Epstein*, 11 N. Y. Supp. 585, growing out of the same circumstances, and adopted by the court herein, is as follows: "The referee found, in substance, that H. B. Claflin & Co. were not innocent *bona fide* purchasers, but did obtain possession of the goods with full knowledge of the insolvency of S. Epstein & Son, and with the intent of aiding and assisting them in hindering, delaying, and defrauding their creditors and plaintiff's assignors in this action. The record discloses no error in the admission of evidence constituting ground for reversal, and the conclusions of law found by the referee follow from the facts as found by him. The appeal therefore turns upon the question whether there is sufficient evidence to sustain the findings of fact by the referee. The record shows that there is. The defendants gave no testimony whatever, and rested their case upon the evidence adduced by and on behalf of the plaintiff. That evidence was capable of the construction which the referee put upon it, and, upon the whole case, we cannot say that the preponderance of the evidence is the other way. For these reasons a reversal cannot be had on the sole ground that we might have arrived at different conclusions if the issues had been submitted to us as trial judges in the first instance, upon the evidence disclosed by the record. The referee possessed the advantage of seeing the witnesses upon the stand, and noticing the manner in which they gave their testimony. The judgment should be affirmed, with costs."

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

S. F. *Kneeland*, for appellant. Abram *Kling*, for respondent.

PER CURIAM. This case appears to have been tried on the same testimony upon which the case of *Eckhardt* v. *Epstein*, 11 N. Y. Supp. 585, was tried,

and the report of the referee and the judgment entered thereon were substantially the same in both cases. That case was appealed to this court, and affirmed. As the same questions were presented in both cases, it follows that the judgment appealed from should be affirmed, with costs, on the opinion in *Eckhardt* v. *Epstein, supra.*